UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

H 12 -168

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | CRIMINAL NO. H-12- |
| v. | § | |
| DARREN DAVID CHAKER, | § | |
| a/k/a, | § | |
| DARREN Del NERO, DARRIN | § | |
| SHACKLER | § | |
| DEFENDANT | § | |

United States Courts
Southern District of Texas
FILED

MAR 22 2012

David J. Bradley, Clerk of Court

## INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT ONE
(Bankruptcy Fraud, 18 U.S.C. § 157 (3))

A. **Introduction**

**At all times material to this Indictment:**

1. The defendant **Darren David Chaker, a/k/a, Darren Del Nero, Darrin Shackler,** (hereinafter **"Darren D. Chaker"**) was the owner of property located at 11307 Pampass Pass, Houston, Texas (hereinafter "Pampass Pass").

2. On September 24, 2004, **Darren D. Chaker** completed a Uniform

1

Residential Loan Application (Form 1003) for the purchase of the Pampass Pass property. On that Application, he provided a present address of 311 North Robertson #1230, Beverly Hills, CA 90211, and stated that the Pampass Pass property would be his Primary Residence. This application was certified by **Darren D. Chaker** to be true and correct.

3. The defendant **Darren D. Chaker** was the owner of property located at 10065 Fine Fern, Las Vegas, NV ("Fine Fern").

4. Darren D. Chaker created "Core Capital, LLC, " a limited liability company formed on May 3, 2005 in the State of Nevada .

5. Core Capital, LLC filed for an Application for Registration with the Office of the Secretary of State with the State of Texas as a Foreign Limited Liability Company (LLC) on November 30, 2006 under the fictitious name of Nevada Capital, LLC.

6. On October 14, 2005, **Darren D. Chaker** opened two business checking accounts with Washington Mutual Bank, FA in the name of a Limited Liability Company's name, Core Capital, LLC, 0196-000011xxxx-1 and 0196-000011xxxx-8. Chaker provided a copy of his Nevada driver's license and had sole signatory authority on both business checking

accounts. The address of for the Core Capital, LLC was 311 N. Robinson, Suite 1230, Beverly Hills, CA 90211.

7. On March 6, 2007, in Houston, Texas, in the United States Bankruptcy Court for the Southern District of Texas, a Chapter 13 bankruptcy petition was filed on behalf of Darren D. Chaker. The case was captioned *In Re: Darren D. Chaker*, and assigned case number 07-31703-H4-13.

8. On or about March 6, 2007, defendant **Darren D. Chaker** filed Schedules of Assets and Liabilities and a Statement of Financial Affairs with the Bankruptcy Court. In executing the Schedules of Assets and Liabilities, defendant **Darren D. Chaker** represented that "I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 19 sheets, and that they are true and correct to the best of my knowledge, information, and belief." In executing the Statement of Financial Affairs, defendant represented that "I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct."

### The Bankruptcy Process

9. Bankruptcy is a process by which debtors (those in bankruptcy)

obtain relief from creditors (those who are owed money by the debtor). The process is designed to achieve orderly transfer of a debtor's assets to creditors from available assets truthfully disclosed and to provide a "fresh start" to honest debtors by allowing them to obtain a discharge of debt. The process is conducted in a federal court and is governed by the United States Bankruptcy Code, which is found in Title 11 of the United States Code.

10. A bankruptcy case begins by the filing of a "petition" by a debtor. Upon filing the petition, a "bankruptcy estate" is created. A bankruptcy estate is a collective reference to all of the debtor's assets and interests in assets. The filing of a bankruptcy petition would automatically "stay" collection activities by creditors and would "stay" legal proceedings, such as foreclosure lawsuits and sales. The filing of a bankruptcy petition would cause the Clerk of the Bankruptcy Court to mail notice of the automatic "stay" to creditors.

11. A debtor may file a "petition" under one of several types of bankruptcies. Under Chapter 7 of the Bankruptcy Code, a trustee administers the case by liquidating the debtor's assets, or estate, to maximize recovery for and create an orderly distribution to creditors.

Chapter 7 trustees generally act on behalf of unsecured creditors. Secured creditors (those holding liens or mortgages) are typically represented by attorneys. A Chapter 7 bankruptcy case is designed to liquidate all estate assets and distribute the proceeds they generate to creditors. A Chapter 7 debtor has a duty to cooperate with the trustee as necessary to enable the trustee to perform his or her duties. A debtor also has a duty to surrender to the trustee all the property of the estate.

12. A debtor filing a Chapter 13 bankruptcy is required to propose a Plan of Reorganization to pay the debtor's creditors over time. The debtor is required to pay at least as much as the creditors would receive if the debtor's assets were liquidated on the date of the filing of the bankruptcy petition. Further, the debtor is required to have sufficient current income to fund payments under the Plan of Reorganization and to meet the debtor's current financial obligations.

13. A debtor is required to complete and file several documents with the bankruptcy court to carry out the bankruptcy process. These documents consist of a Petition, which contains summary information about the debtor's financial condition, a Statement of Financial

Affairs and various Bankruptcy Schedules, which contain, among other things, detailed information about the debtor's assets, liabilities, recent payments to creditors, past and current income, and anticipated future income. The Petition, Statement of Financial Affairs and Bankruptcy Schedules are required to be signed by the debtor and certified under penalty of perjury that the information contained in them is true and correct.

14. A debtor is required to disclose all of his or her creditors to the bankruptcy court so that the court can provide notice to the creditors of the filing of the bankruptcy petition. One purpose of this requirement is to allow the creditors the opportunity to participate in the bankruptcy proceeding and protect their interests.

15. Under Chapter 7 and Chapter 13, the bankruptcy trustee is appointed by the United States Trustee and is responsible for the administration of the debtor's bankruptcy estate, including the liquidation of assets and the distribution of proceeds to creditors. The United States Trustee supervises the bankruptcy trustees under Title 11.

16. As part of the bankruptcy process, a debtor must submit to a creditor's meeting conducted by the trustee who is assigned to oversee and to

administer the bankruptcy case. At the creditors' meeting, the debtor is placed under oath and is questioned by the trustee and any creditors who attend the meeting about the information contained in his or her bankruptcy documents and about his or her financial condition in general.

**B.**  <u>**The Scheme and Artifice**</u>

17. Beginning in approximately March 2007 in Houston, Texas in the Southern District of Texas, and elsewhere,

**DARREN DAVID CHAKER, a/k/a,
DARREN Del NERO, DARRIN
SHACKLER,**

defendant herein, devised and intended to devise a scheme and artifice to defraud his creditors, the U.S. Bankruptcy Court, the Bankruptcy Trustee, and the United States Trustee, as further described in the following paragraphs.

**C.**  <u>**Manner and Means of the Scheme to Defraud**</u>

18. It was part of the scheme and artifice to defraud to file the Chapter 13 bankruptcy on March 6, 2007 in order to get an automatic thirty (30) day stay of foreclosure. The Pampass Pass property was set to foreclose on March 6, 2007.

19. It was a part of the scheme and artifice to defraud that as part of the bankruptcy requirements, the defendant filed and caused to be filed Statements of Financial Affairs and Bankruptcy Schedules, which he signed and caused to be signed as true and correct, under penalty of perjury, when in truth, the defendant omitted, concealed, and provided false and misleading information in completing the said Statements of Financial Affairs and Bankruptcy Schedules.

20. It was a part of the scheme and artifice to defraud that in Section 18 of the Statement of Financial Affairs, the defendant did conceal and fail to disclose his membership and association with Core Capital, LLC.

21. It was a part of the scheme and artifice to defraud that defendant **Darren D. Chaker** failed to attend any scheduled creditors' meetings.

22. It was a part of the scheme and artifice to defraud that the defendant would and did conceal the money obtained from rental income from the residential property, Pampass Pass, by failing to disclose such funds in the Bankruptcy Schedule G's and in the Financial Affairs Statements in Section 1, "Income from other Employment or Operation of Business" in all bankruptcy cases filed by defendant **Darren D. Chaker**.

D.  **Execution of the Scheme and Artifice**

23. From on or about March 26, 2007, in the Houston Division of the Southern District of Texas,

**DARREN DAVID CHAKER, a/k/a,
DARREN Del NERO, DARRIN
SHACKLER**

defendant herein, did devise a scheme and artifice to defraud and for the purpose of executing and concealing the scheme and artifice, and attempting to do so, made false and fraudulent representations in relation to a proceeding under Title 11, specifically, *In re: Darren D. Chaker*, No. 07-31703-H4-13, at the time after the filing of Darren D. Chaker's bankruptcy petition, specifically his testimony during a bankruptcy hearing in which, while under oath, the defendant falsely and fraudulently represented to the Court that the home Pampass Pass was never leased out prior to January 2007, when he then well knew in truth and in fact, that he had previously contracted with Century 21 Realtor "J.M.", who secured at least two rental contracts, the first from September 13, 2005 through January 13, 2006, and the second from January 17, 2006 to February 16, 2006.

In violation of Title 18, United States Code, Sections 157(3).

A TRUE BILL:

ORIGINAL SIGNATURE ON FILE

_____
Foreperson of the Grand Jury

KENNETH MAGIDSON
UNITED STATES ATTORNEY

_____
CAROLYN FERKO
Assistant United States Attorney