IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-12-00168 |
| | § | |
| DARREN DAVID CHAKER | § | |

**DEFENDANT'S REPLY TO THE GOVERNMENT'S OPPOSITION TO DEFENDANT'S SECOND AMENDED MOTION FOR JUDGMENT OF ACQUITTAL OR NEW TRIAL AND DEFENDANT'S SUPPLEMENT TO DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL OR NEW TRIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant DARREN DAVID CHAKER, and, without waiver of his previously filed Motion for Judgment of Acquittal, Dkt. No. 121, Amended Motion for Judgment of Acquittal, Dkt. No. 129, or his Second Amended Motion for Acquittal or New Trial, Dkt. No. 193, and files this his Reply to the Government's Opposition to Defendant's Second Amended Motion for Acquittal or New Trial, Dkt. No. 201, and Defendant's Supplement to Defendant's Motion for Judgment of Acquittal or New Trial, and would say unto the Court the following:

### I.
### SUMMARY OF ARGUMENT

1. Counsel for Defendant argues the following:

   A. The Motions for Judgment of Acquittal should be granted under the same reasoning as that found in the below noted *Spurlin* case that:

      (1) The interpretation urged by Defendant is a reasonable interpretation.

1

    (2) The question actually asked requires speculation as to its intent; such as the lack of notation of a given year and the use of the pronoun, "you."

    (3) The presence, or non-presence, of alleged shell companies or bank accounts, is not the controlling question, just like in *Spurlin*, as the central question is simply, "Is Defendant's interpretation of the question a reasonable, possible correct answer to the question actually asked, not as the question is assumed or supposed by the Government."

Thus, the Defendant's Motion for Judgment of Acquittal should be granted.

    2. Additionally, and alternatively, the Motion for New Trial should be granted as, besides the arguments already adduced, Counsel for Defendant also argues that there is also no proper Rule 23(a) or other constitutionally required written waiver of jury trial on the record before trial, *see*, Dkt. No. 104, and that there was also no proper oral rendition of waiver of jury trial before the trial Court on the record. The attorney for the Defendant cannot waive the Defendant's right to jury trial, and a waiver cannot be reconstructed after trial, but must be on the record before a non-jury trial begins. This did not occur in the present case, and a new trial, by jury, is required in the present case.[1]

## II.
## PROPER WAIVER OF JURY TRIAL NOT REFLECTED IN THE RECORD-NEW TRIAL REQUIRED

---

[1] While lack of jury trial waiver arguments are often brought by habeas corpus, sometimes even after appeal, as the court has not yet ruled on Defendant's Motion for New Trial, now is as auspicious a time as any to bring the issue to the Court's attention. Therefore, new defense counsel raises the issue at this time.

3. Counsel for Defendant urges the following as to the lack of a proper waiver of jury trial:

A. **FACTS**

   i. The Defendant's then counsel filed a Motion to Approve Jury Waiver on March 18, 2013, Dkt. No. 104.

   ii. While that Motion to Approve Jury Waiver filed by Defendant's counsel states that Defendant had waived a jury trial in writing and that the Government had also consented, and that the executed consent waiver was attached, no written waiver signed by either the Defendant or the Government or the Court was attached to the Motion filed with the Court.

   iii. No written, executed consent waiver of jury trial is otherwise found in the Court's record.

   iv. Further, based on information and belief, the Court did not on the record publically, orally, and adequately insure a knowing and intelligent waiver of Defendant's Sixth Amendment right to jury trial.

   v. Therefore, there is no showing on the record of this case before a non-jury trial began that Defendant either waived his constitutional right to jury trial in writing pursuant to Rule 23(a) or that he otherwise gave express, knowing and intelligent consent in open court to the trial court.

   vi. The Court Order, Dkt. No. 105, approving Defendant's consent jury waiver Motion, Dkt. No. 104, is therefore a nullity.

    vii. The United States' Constitution and the Federal Rules of Procedure both require the granting of a New Trial by Jury to this Defendant in the present case.

**B. ARGUMENT**

4. A defendant my not effectively waive his right to jury trial without meeting the requirements of the Federal Rules of Criminal Procedure that waiver be in writing. United States Constitution, Amendment Six; Fed.R.Crim.P. 23; *United States v. Saadya*, 750 F.2d 1419, 1420(9th Cir. 1985).[2] The only exception is where the record clearly reflects that defendant personally gave express, oral consent in open court, intelligently and knowingly. *Id.* Further, the requirement of a defendant's written waiver of jury trial on the record cannot be satisfied by post-trial reconstruction of the record. *Saadya* at 1421. Further, merely providing the court a written jury waiver does not ensure a knowing or intelligent waiver. *See, e.g., Estrada v. United States*, 457 F.2d 255 (7th Cir. 1970), *cert. denied*, 409 U.S. 858 (1972).

5. A valid waiver must be both express and affirmative; the defendant's mere acquiescence to proceeding with a bench trial is insufficient to waive the right to trial by jury. *Landry v. Hoepfner*, 818 F.2d 1169(5th Cir. 1987), *on reh'g*, 840 F.2d 1201(5th Cir. 1988).[3] *Adams v. United States ex rel McCann*, 317 U.S. 269, 278(1942) affirmed that the waiver of a criminal defendant's Sixth Amendment right to trial by jury be "express,"

---

[2] In *Saadya* the issue was raised for the first time on appeal by new counsel; similar to new counsel now raising the issue upon review of Dkt. No. 104 and Dkt. No. 105, and the Court record.

[3] In *Landry* the trial transcript was devoid of any discussion between the court and the petitioner concerning his express and intelligent waiver of a jury trial as established by *Patton v. United States*, 281 U.S. 276(1930). *See also, McCrane v. United States*, 333 F.2d 307, 307(5th Cir. 1964).

with the additional consent of the Government as well as the responsible judgment of the trial court. *Id.* at 277-78. The Fifth Circuit in *United States v. Mendez*, 102 F.3d 126, 130-31(5th Cir. 1996) interpreted the "express" waiver in *Patton* as a constitutional requirement. Further, as to a district court that fails to follow proper procedures in a criminal proceeding, its failure to do so also violates a defendant's rights to due process under the Fifth Amendment and thus also requires a new trial by jury under that Constitutional provision. *Id.*

6. The present Court record, especially Dkt. Nos. 104 and 105, contains no evidence that any written, executed waiver by this Defendant compliant with the requirements that it be both express and personal. Indeed, there are basic rights that an attorney cannot waive without the fully informed and publicly acknowledged consent of the client. *See, Taylor v. Illinois*, 464 U.S. 400, 417-418(1988), The Supreme Court in *Taylor* identified the right to a jury trial as an example of one of those "basic rights" that an attorney cannot waive without the fully informed and publicly acknowledged consent of the client; noting that the record must show personal communications of the defendant to the Court that he or she chooses to relinquish the right to a jury trial. *Id.* at 24. *See also, Florida v. Nixon*, 543 U.S. 175, 187(2004).

7. Based on information and belief, Defendant was not asked by the Court if he was explained his options or made a knowing and intelligent waiver of his right to a jury. Defendant's Counsel urges that when the issue of waiver of jury trial is raised, it is the practice for a district court to follow the guidelines set out in the Benchbook for United States District Court Judges and fully inform the defendant of his or her rights. *See*,

5

*United States v. Igbinosun,* 528 F.3d 387(5th Cir. 2008).[4] *See* extract from Bench Bar Book attached as **Exhibit A** hereto. In a case where the district court has reason to suspect the Defendant may be suffering from mental or emotional instability, there is authority that a written waiver without an in-depth "colloquy" conducted by the district court is insufficient. *United States v. Christensen,* 18 F.3d 822, 826 (9th Cir.1994)

8.  The Fifth Circuit recognized nearly forty (40) years ago in *Winters v. Cook*, 489 F.2d 174, 179-80(5th Cir. 1973) that inherently personal fundamental rights include… the right to waive trial by jury. There is ample authority in *Patton, Adams,* and *Singer v. United States*, 380 U.S. 24, 33-34(1965)(upholding *Patton* and *Adams* but dealing with the consent of the Government), and as recognized by the Fifth Circuit in *Mendez* and *Mills v. Collins*, 924 F.2d 89, 93 & n. 4(5th Cir. 1991), for the rule that the defendant must expressly or personally waive his or her constitutional right to trial by jury on the record in order for it to be valid. Cases as varied as *Gonzalez v. United States*, 553 U.S. 242(2008), *New York v. Hill,* 528 U.S. 110,114(2000) and *Boykin v. Alabama*, 395 U.S. 238, 243(1969), emphasize the fact that the defendant's waiver of fundamental rights, those to which a client must personally consent, require that the defendant's waiver appear on the face of the record and must have been made personally to the judge. The

---

[4] This is not a case like *Igbinosun*. In *Igbinosun* the defendant filed on the record a written motion to proceed with a bench trial before the bench trial began, waiving defendant's right to jury. Igbinosun signed a "Waiver of Jury". This document was signed by Igbinosun, her attorney, the Assistant United States Attorney, and the District Court Judge Vanessa Gilmore. At the pre-trial conference defense counsel reiterated the request for a bench trial, and the court asked Igbinosun a series of questions regarding defendant's waiver. That appears not to be the current state of the facts.

fundamental right to trial by jury requires that any waiver by the defendant must be publicly acknowledged by the client. *McCloud v. Cain*, 2013 W.L.152530(E.D. La. 2013)(on petition for *habeas corpus* filed pursuant to 28 U.S.C. §2254). A copy of *McCloud* is attached hereto as **Exhibit B**.

9. The record in the present case, Dkt. Nos. 104 and 105, attached together as **Exhibit C**, does not contain an executed written waiver of jury trial signed by the Defendant as required by Rule 23(a). Further, from discussions with previous counsel, and review of the PACER record, on information and belief, the trial transcript, when transcribed, will not contain the required soliloquy as between the Court and the Defendant so as to confirm the Defendant's knowing and intelligent waiver of jury trial. Therefore, a new trial, trial by jury, should be granted this Defendant.

## III.
## REPLY TO THE GOVERNMENT'S OPPOSITION
## (Dkt. No. 201)

### A. SUMMARY OF REPLY:

10. The Government urges that any error of sufficient magnitude to require reversal on appeal is an adequate ground for granting a new trial. Government Opposition at page 3; *United States v. Wall*, 389 F.3d 457, 474(5th Cir. 2004)(quoting 3 Charles Alan Wright, et. al, Federal Practice and Procedure §556 (3rd ed. 2004). In the present case, the lack of proper and constitutional waiver of jury trial alone is a miscarriage of justice sufficient to warrant a new trial; much less the additional arguments already made by former counsel for defendant. *See,* Government Opposition at page 3, Dkt. No. 201; *United States v. O'Keefe*, 128 F.3d 885, 898(5th Cir. 1997). A new trial is mandated in the current case.

11. Additionally, not only are the Court's specific findings, attached hereto as **Exhibit D**, at variance with the Superseding Indictment, **Exhibit E**, but the evidence to convict is insufficient, *United States v. Lucio*, 428 F.3d 519, 522(5th Cir. 2005), and Defendant's acquittal and innocence of the charge against him is established as a matter of law. *See generally, United States v. Xo*, 559 F.3d 452, 453(5th Cir. 2010).

### B. THE COURT CONSTRUCTIVELY AMENDED THE INDICTMENT TO FIND GUILT

12. The trial court convicted Defendant based on a scheme separate and apart from that alleged in the superseding indictment.

13. The Court convicted based on a scheme beginning in 2005 that would allow Defendant to keep his three properties longer, including the Pampass Pass home. *See,* **Exhibit D** hereto, the unofficial transcript of the verdict and the specific findings of fact given in open court by the trial court, at page 9(an official copy has now been ordered by both Counsel for Defendant and counsel for the Government). This finding alleges basically a variety of mortgage fraud, which is not alleged in the indictment.

14. The scheme alleged in the Superseding Indictment, **Exhibit E**, in Count 1 is Bankruptcy Fraud under 18 U.S.C. §157(3), which is a totally different scheme from that found by the trial court. Defendant thus urges that there is a fatal variance between the Superseding Indictment and the proof at trial as found by the trial court.[5]

15. The Defendant additionally asserts that there is a material variance between the allegation in the Superseding Indictment and the proof adduced at trial by the

---

[5] Defendant otherwise urges that there are multiple conspiracies alleged and such is a violation of due process.

Government. To prevail on a material variance claim, a defendant must prove: (1) a variance existed between the indictment and the proof at trial, and (2) the variance affected defendant's substantial rights. *United States v. Leavis*, 476 F.3d 369, 384(5th Cir. 2007)(quoting *United States v. Pena-Rodriquez,* 110 F.3d 1120, 1126(5th Cir. 1997). In the present case, the substantial harm to the Defendant is not just that the proof alleged multiple conspiracies, but that the Court in its specific findings, s*ee* Exhibit 2 at page 2 and 9, found this Defendant guilty based on allegations at variance with the Superseding Indictment, attached as **Exhibit E**, in this case. This is error as the Fifth Amendment grants a defendant the right to be tried solely on the grand jury's allegations. *Stirone v. United States*, 361 U.S. 212, 215-218(1960). *See also,* Dkt. No. 193 at pages 1-5.

### C. THE DEFENDANT DID NOT MAKE A FALSE REPRESENTATION TO THE COURT.

16. While the Government argues at page 2 of its opposition that the sufficiency of evidence standard does not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt beyond reasonable doubt, *United States v. Low*, 262 F.3d 427, 432(5th Cir. 2001),[6] the Government ignores cases such as the very case upon which this Court, according to its specific findings, **Exhibit D** hereto, depends: *United States v. Spurlin*, 664 F.3d 954(5th Cir. 2011).

17. In *Spurlin*, also revolving around a bankruptcy proceeding, the Fifth Circuit found insufficient evidence to convict Mr. Spurlin of false oaths and statements in bankruptcy. In *Spurlin* the Trustee required the husband and wife to complete under oath an

---

[6] The Government argues at pages 7-8 that Defendant has consistently argued that the statement is truthful as a matter of law. Such argument strengthens Defendant's position on this point, not weakens it.

individual questionnaire. The form asked if the debtor's parents were living or dead, and, if dead, whether they had left any property. It also reminded debtors that any inheritance within the next six months must be reported. Both Mr. and Mrs. Spurlin signed the form; their answers acknowledged that Mrs. Spurlin's father had died, but the form indicated the father had left no property.

18. To the contrary, the father did leave property, just not directly to the Spurlins. Mr. Spurlin was also involved in the successful sale of the father's properties. *See, Spurlin* at 957. The Spurlin Trustee questioned the Spurlins at the creditor's meeting if the bankruptcy information sheet was correct, to which they responded affirmatively under oath. *Id.* at 958.

19. The Spurlins also had various, undisclosed, legal entities and bank accounts over which they had sole control. *Id.* Further, most of the monies from the sale of the wife's father's properties eventually ended up in the Spurlin's controlled bank accounts. *Id.* The Spurlin's were indicted over these bankruptcy discrepancies. 18 U.S.C. §§152(1), 152(3), and 157(1).

20. Under Spurlin Count 2, false statement under penalty of perjury, 18 U.S.C. 152(3), the declaration at issue was the answer to Question 5 on the Trustee's questionnaire. The Trustee's Questionnaire requested:

> "  4.  Are your parents living? Father_____ Mother _____
>
>   Are your spouse's parents living? Father_____ Mother_____
>
> 5.  If not, was any property left by your parents at the time of death?_____

10

      6.    Do you understand that should you inherit anything during the next 6 months it will be necessary for you to advise me (your Trustee) in writing within 10 days? _____"

*Spurlin* at 962. The Spurlins answered that Mrs. Spurlin's father was dead and they put "no" as an answer to "… was any property left by your parents at the time of death?".

21. Leaving aside Mrs. Spurlin, Mr. Spurlin argued that under his interpretation of Question 5, his answer is legally true. *Id.* at 963. Mr. Spurlin argued that the question asked whether the parents left any property to the debtor. Because the father, literally, did not directly leave any property to Mr. or Mrs. Spurlin, Mr. Spurlin argued that the answer is literally correct. The Government in *Spurlin* argued that Mr. Spurlin's reasoning was unreasonable because the question did not say "to you." *Id.* at 963.

22. Faced with Mr. Spurlin and the Government's arguments, the 5th Circuit held that either interpretation was reasonable. *Id.* at 963. The 5th Circuit also found that Mr. Spurlin's interpretation of question 5 best comported with the Trustee's thrust of the question, best fit the context, and lead to a more useful result; and, thus, the 5th Circuit found that no reasonable jury could have found beyond a reasonable doubt that Mr. Spurlin knowingly and fraudulently made a false statement when answering "no" to question 5. The 5th Circuit thus reversed Mr. Spurlin's conviction of false oaths and statements in bankruptcy for insufficiency of the evidence.

23. The Fifth Circuit in *Spurlin* thus held that the Government's evidence was insufficient to sustain conviction against Mr. Spurlin for knowingly making false statements in bankruptcy; as the bankruptcy Trustee's questionnaire, which asked whether defendant's parents had left any property at their respective times of death, could

reasonably have been interpreted as asking whether the parents left any property specifically to defendant (or his wife), and, thus, his negative response was not knowingly false, even though the father did, arguably, leave property in his will to the father's wife.

24. The present case, just like the *Spurlin* case, involves various allegedly "shell" entities over which the Defendant allegedly had control and access to the bank accounts. Such evidence by the Government, just like in *Spurlin*, is immaterial to the central question. The central question is simply, "Is Defendant's interpretation of the question a reasonable, possible correct answer to the question actually asked, not as assumed or supposed by the Government?"

25. According to the Superseding Indictment, **Exhibit E**, the Government under 18 U.S.C §157(3),[7] had to prove that:

> "his testimony during a bankruptcy hearing in which, while under oath, the defendant falsely and fraudulently represented to the Court that the home in Pompass Pass was never leased out prior to January, 2007, when he well knew in truth and in fact, that <u>he</u> had previously contracted with Century 21 realtor "J.M.", who secured at least two rental contracts, the first from September 13, 2005 through January 13, 2006, and the second from January 17, 2006 to February 16, 2006. In violation of 18 U.S.C. §157(3)." (**Emphasis supplied**).

---

[7] The Government, especially in its proposed jury charge, Dkt. No. 88, has asserted it charged Defendant with 18 U.S.C. §157. It did not. The Superseding Indictment, **Exhibit E** hereto, only alleges a violation under 18 U.S.C. §157(3). Thus, there can be no conviction under 18 U.S.C.§157(1) or §157(2).

26. 18 U.S.C. §157 states:

> "A person who, having devised or intending to devise a scheme or artifice to defraud and for the purpose of executing or concealing such a scheme or artifice or attempting to do so--
>
> **(1)**   files a petition under title 11, including a fraudulent involuntary petition under section 303 of such title;
>
> **(2)**   files a document in a proceeding under title 11; or
>
> **(3)**   makes a false or fraudulent representation, claim, or promise concerning or in relation to a proceeding under title 11, at any time before or after the filing of the petition, or in relation to a proceeding falsely asserted to be pending under such title, shall be fined under this title, imprisoned not more than 5 years, or both."

27. Count 1 only alleges a violation of 18 U.S.C. 157(3), and not sections 157(1) or 157(2). Thus, the Government in the present case had to prove that the one particular statement or answer allegedly was false or fraudulent. The rest of the indictment language is actually mere window dressing for the only offense actually alleged.

28. The question asked at the creditors' meeting was:

> "Had you ever rented the property out prior to January?"

Government trial Exhibit 4, page 14, which page 14 is attached hereto as **Exhibit F**.

29. To which the Defendant replied, "No." Such answer is a reasonable answer to the question actually asked; not an assumed, larger question, for which larger question the Government argues. Why is it reasonable (under *Spurlin* and 5th Circuit Guidelines):

> (1) First of all, there is no specific year in the question. The Government supplies the year, "2007". The question does not supply the year. Without a literal year being listed in the question, the Court's finding

13

      that the question was "referring to January 2007" is mere speculation or assumption. *See,* **Exhibit D** at page 3.

(2) Further, the Government used the pronoun, "you." That word can grammatically be taken to mean just the individual, and not other entities, even ones allegedly associated with the individual.

(3) Defendant's interpretation that the question could literally mean the realtor or the real estate company and not him personally is reasonable, just as in *Spurlin*.

(4) Defendant's interpretation that Core Capital L.L.C. and not he personally who rented the property is reasonable, just like in *Spurlin*.

(5) Defendant's interpretation that the Spendthrift Trust, Platinum Holdings, and not he who personally rented the property is reasonable, just like in *Spurlin*.

(6) Defendant's interpretation, especially under the situation, that he did not personally rent the property, is reasonable.

(7) Defendant's interpretation that his signature on the leases of the property is for these legal entities, and not for himself individually, is reasonable.

Indeed, in *Spurlin* the Government argued the word "you" was not in the Questionnaire, *Spurlin* at 963, but in the present case, the question actually used the pronoun, "you".

30. While it may be true that Defendant "caused" the property to be leased or rented; that is not the question actually asked. The question is did, "you?"[8] The answer to that question can reasonably be, "no," and if so, a judgment of acquittal should be granted this Defendant. *See, Spurlin.*

### D. DEFENDANT'S OTHER ARGUMENTS ARE VALID.

31. The Government at page 9 of its Opposition urges that Defendant's other arguments aimed at the Court's specific findings found at Defendant's Motion 5-7, Dkt. No.193, are not sufficient to the Government's argument. As to these issues, Defendant stands on his previous arguments, and urges that the arguments are valid.

## IV.
## PRAYER

32. WHEREFORE PREMISES CONSIDERED, Defendant DARREN DAVID CHAKER respectfully prays the Court to grant Defendant a judgment of acquittal or a New Trial, and for such other relief as this Court deems just.

> Respectfully submitted,
> */s/ Michael M. Essmyer, Sr.*
> MICHAEL M. ESSMYER, SR.
> Essmyer & Daniel, P.C.
> 5111 Center Street
> Houston, Texas  77007
> (713)869-1155 Telephone

---

[8] Webster's New World College Dictionary, Fourth Edition (2001) defines "you" thusly:  "(1) the person to whom one is speaking or writing: personal pronoun in the second person (sing. & pl.): *you* is the nominative and objective form (sing. & pl.), *yours* the possessive (sing. & pl.), and *yourself* (sing.) and *yourselves* (pl.) the reflexive and intensive; *your* is the possessive pronominal adjective; (2) any person: equivalent in sense to indefinite *one*: *you* can never be sure!"

15

(713)869-8659 Facsimile
messmyer@essmyerdaniel.com

**Attorney for Defendant
Darren Chaker**

## CERTIFICATE OF CONFERENCE

Defendant's Counsel, Michael M. Essmyer, Sr., conferred on June 10, 2013 with Assistant United States Attorney Sharad S. Khandelwal as to the issue of lack of proper waiver of a jury trial, and the Government is opposed to the Court granting a New Trial on that ground, or any other ground.

*/s/ Michael M. Essmyer, Sr.*
MICHAEL M. ESSMYER, SR.

## CERTIFICATE OF SERVICE

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this instrument via the USDC Southern District's CM/ECF system per the Local Rules on this the 12th day of June, 2013.

*/s/ Michael M. Essmyer, Sr.*
MICHAEL M. ESSMYER, SR.